IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALBENIS ENRIQUE MORILLO GONZALEZ, | § § § | |
| Petitioner, | § § § | |
| v. | § § § | CAUSE NO. EP-26-CV-752-KC |
| FACILITY ADMINISTRATOR, ERO EL PASO CAMP EAST MONTANA et al., | § § § § | |
| Respondents. | § § | |

**ORDER**

On this day, the Court considered the case. Senia Jazmin Lara Vasquez filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of her partner, Albenis Enrique Morillo Gonzalez.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017). "Inability to understand the English language or the situation, particularly in the

case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of the proper use of the 'next friend' application." *Weber v. Garza*, 570 F.2d 511, 514 n. 4 (5th Cir. 1978).

Here, Lara Vasquez likely meets the second element, as she has a significant relationship with Morillo Gonzalez and seeks his release. As for the first element, Lara Vasquez states that Morillo Gonzalez cannot proceed on his own behalf and file the petition himself because he "is currently detained and unable to file this petition personally." Pet. ¶ 12. The Court receives many petitions filed by detainees at the same facility where Morillo Gonzalez is incarcerated—therefore, the simple fact of his detention, without more, is insufficient to allow him to proceed through a next friend. The Court thus exercises its discretion to order a supplemental filing to determine whether Lara Vasquez may proceed as "next friend" on behalf of Morillo Gonzalez. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Accordingly, the Court **ORDERS** that, <u>**by no later than April 8, 2026**</u>, either:

(1)  Lara Vasquez must **FILE** written notice detailing why Morillo Gonzalez cannot proceed with this petition for a writ of habeas corpus on his own behalf, or

(2) Morillo Gonzalez must **FILE** written notice expressing his intent to proceed with this petition pro se.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Lara Vasquez and Morillo Gonzalez via certified mail at the following addresses:

Senia Jazmin Lara Vasquez
3580 Central Ave. Apt. 105
Fort Myers, FL 33901

Albenis Enrique Morillo Gonzalez
A-243-012-680
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**SO ORDERED**.

**SIGNED this 19th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE